# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

FREDI HUERTA-TAPIA,

        Defendant.

Case No. 2:13-cr-139 (4)
CHIEF JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Fredi Huerta-Tapia's motions [ECF Nos. 134, 138, 149] for a sentence reduction and related motion [ECF No. 137] for a copy of the docket report in this case.[1] On June 17, 2014, after pleading guilty to one count of conspiracy to possess with intent to distribute methamphetamine, Defendant was sentenced to 70 months of incarceration and 3 years of supervised release. (J. in a Crim. Case at 1–3 [ECF No. 117].) Defendant seeks a reduction in his sentence under Amendments 782 and 794 to the United States Sentencing Guidelines ("U.S.S.G.").

## A.    Amendment 794

Section 3B1.2 of the U.S.S.G. allows a court to reduce the offense level of a defendant who was a "minimal" or "minor" participant in the offense of conviction. Amendment 794, which went into effect after Defendant's sentencing, altered § 3B1.2's application notes to provide additional guidance to sentencing courts in determining whether a § 3B1.2 mitigating role adjustment should apply.

---

[1] Defendant has moved "to compel a copy [of] the docket report so he could proper[ly] access the court and fil[e] the appropriate motions" regarding his request for a sentence reduction. (Mot. to Compel at 1 [ECF No. 137].)

Under 18 U.S.C. § 3582(c), a district court is generally prohibited from modifying a sentence. As relevant here though, § 3582(c) allows for a sentence modification if the sentencing range "has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 1B1.10 of the U.S.S.G. is a policy statement issued by the Sentencing Commission. And subsection (d) of that policy statement lists the amendments that can be retroactively applied. Amendment 794 is not on that list. Consequently, a motion for sentence reduction under Amendment 794 is not "consistent with applicable policy statements issued by the Sentencing Commission," and § 3582(c) therefore prohibits the Court from granting a sentence reduction under Amendment 794. *See, e.g., United States v. Moore*, No. 3:06-cr-012, 2017 WL 213042, at *1–2 (E.D. Tenn. Jan. 18, 2017) (holding that Amendment 794 is not retroactively applicable on collateral review); *Johnson v. United States*, Nos. 2:16-cv-528, 2:10-cr-185, 2016 WL 6084018, at *2 (S.D. Ohio Oct. 17, 2016) (same); *Aguas-Landaverde v. United States*, Nos. 2:16-cv-00854, 2:15-cr-00183(2), 2016 WL 5341799, at *2 (S.D. Ohio Sept. 23, 2016) (same).

**B.     Amendment 782**

Amendment 782, which also took effect after Defendant's sentencing, reduced by two levels the offense levels assigned to the drug quantities set forth in § 2D1.1 of the U.S.S.G. and made parallel changes for the listed chemicals found in § 2D1.11. As set forth in policy statement § 1B1.10, Defendants like Huerta-Tapia who are currently imprisoned for relevant drug offenses are eligible for retroactive application of the guidelines under Amendment 782.

Defendant had a base offense level of 34 and a criminal history category of I. (*See* Sentencing Mem. at 2 [ECF No. 111].) Defendant's offense level was reduced by two levels for the safety-valve equivalent and by three levels for acceptance of responsibility. (*See id.*; Statement of Reasons at 1 [ECF No. 118].) The Court then applied a further two-level reduction in anticipation of Amendment 782's passage, resulting in a total offense level of 27. (*See* Sentencing Mem. at 2; Statement of Reasons at 1.) With an offense level of 27 and a criminal history category of I, Defendant's sentencing guideline range was 70 to 87 months. (*See* Sentencing Mem. at 2.) The Court imposed a sentence at the bottom of that range—70 months. (J. in a Crim. Case at 2.) The Court, in other words, already took Amendment 782 into account in rendering Defendant's sentence.

Because Defendant has already received the benefit of Amendment 782, and because the Court cannot grant a sentence reduction under Amendment 794, Defendant's motions [ECF Nos. 134, 138, 149] for a sentence reduction and related motion [ECF No. 137] for a copy of the docket report are **DENIED**.

**IT IS SO ORDERED.**

_10-10-2017_
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**